Opinion by
Hoffman, J.,
In this pro se appeal appellant contends that the evidence was insufficient to sustain his conviction as the principal perpetrator of an attempted prison breach.
At appellant’s trial a Commonwealth witness testified that appellant had approached him in prison, asking that he procure some hacksaw blades for the sum of $150.00, which was to be paid by William Schaeffer, a fellow inmate. The witness was a day release prisoner employed at a nearby bakery which made bread for prison use. The plan, allegedly, was that the witness would conceal the blades in loaves of bread to be retrieved inside the prison by appellant, who worked in the kitchen. The witness testified that he placed the blades in the bread at the bakery, and that a later time the appellant indicated that he had received the blades. Appellant then told the witness to talk to Schaeffer. Schaeffer gave the witness a note to obtain the $150.00. Prison officials intercepted another note, this one written by the witness to Schaeffer, when the witness attempted to illicitly transfer the note to Schaeffer. This note contained a reference to blades.
On June 2, 1970, prison officials caught Schaeffer while he was attempting to go over the prison wall, *245 and they found a hacksaw blade on his person. The officials then conducted a “shake-down” of the prison and discovered two hacksaw blades and a small file in a bread wrapper inside the radiator of appellant’s cell.
On the basis of this evidence, the trial judge instructed the jury as to the law of attempts. The Commonwealth did not request and the judge did not give a charge on the law of accessories. The jury returned a verdict of guilty.
In Commonwealth v. Eagan, 190 Pa. 10, 21, 42 A. 374 (1899), our Supreme Court defined an attempt as being “. . . an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others’ rights, they are within the sphere of intent and do not amount to attempts.” (Emphasis added.) See also Commonwealth v. Willard, 179 Pa. Superior Ct. 388, 116 A. 2d 751 (1955) ; Commonwealth v. Berkery, 200 Pa. Superior Ct. 626, 190 A. 2d 572 (1963).
The trial judge charged the jury in conformity with the definition of attempt accepted in Pennsylvania. Under this definition, however, appellant could not have been found guilty, except as an accessory before the fact. The discovery of the hacksaw blades in appellant’s cell did no more than interrupt appellant’s alleged plan in a preparatory stage. If the hacksaw blades were in fact procured by the appellant for use in an intended prison breach, appellant would have had sufficient time to withdraw before the commission of the offense.
*246 Because of appellant’s complicity in Schaeffer’s attempt to break prison, it would have been possible for the jury to have found appellant guilty of an attempted prison breach as an accessory before the fact. The lower court, however, did not instruct the jury as to the law of accessories, and we cannot determine upon what theory the jury based its verdict. Under the instructions given by the lower court, the jury may have found appellant guilty on a theory not in conformity with the law. Therefore, appellant must be granted a new trial. Cf. Jackson v. Follette, 462 F. 2d 1041 (2d Cir. 1972).
The judgment of sentence is reversed, and appellant is granted a new trial.
Weight, P. J., and Watkins, J., would affirm on the opinion of the court below.